JONAS EMERY *versus* JAMES W. WEBSTER.

Parol evidence is inadmissible to contradict or vary the terms of a valid written instrument.

But the writing may be read in the light of surrounding circumstances to get the intent and meaning of the parties.

The description in a deed contained the following : — " All that part of lot 87, 3d division of lots lying westerly of the centre of the *old channel* of Little river stream :" — *Held,* that parol evidence was admissible to explain the phrase " old channel." Instructions, in such case, limiting the application of the evidence by the jury simply to the question of the *antiquity* of the channel, were erroneous.

The identical monument referred to in a deed may always be shown by parol proof.

Evidence of the language and acts of the parties to a deed at the time of the conveyance, and subsequent thereto, to show how they construed it, and what line they recognized as the boundary, is admissible.

It is competent to prove by parol what was *agreed* on and understood as the boundary by the parties at the time of the conveyance, and how they construed the language of the deed.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

This was an action of replevin for a quantity of hemlock bark, which grew upon what is called the island in Little river stream, in Belfast. The suit involved the question of title to said island. The plaintiff claimed it by virtue of a deed from Jonathan White and others, to him, whereby was conveyed "all that part of lot 87, 3d division of lots, lying westwardly of the centre of the old channel of Little river stream." If, by the " old channel," was meant the easterly one, then the island belonged to the plaintiff; otherwise, it did not. The verdict was for plaintiff. The points raised in the case appear in the opinion of the Court.

*White & Palmer*, for defendant, contended: —

1. That the deed is to be construed with the aid of the circumstances existing at its date, as to what the parties intended by its terms. 1 Greenl. Ev. § 282, and note 2; cases cited § 286.

2. The extrinsic evidence raised a *latent ambiguity* in the deed as to the meaning intended by the parties in the use of the descriptive term; and that the evidence of the acts of the parties, in fixing the actual boundary, should have gone to the jury to explain their intent. 1 Greenl. Ev. § 288, and cases cited in note 2.

3. That this did not contradict the deed, but gave a reasonable meaning to the language, inasmuch as the language was susceptible of a reasonable signification *consistent* with the acts of the parties. *Waterman* v. *Johnson*, 13 Pick. 286; *Davenport* v. *Johnson*, 15 Mass. 85; *Ballard* v. *Briggs*, 7 Pick. 533.

4. That parol evidence of the acts of the parties, is admissible to show their intent, even where there is a misdescription of a boundary, wherever the same evidence must be resorted to extrinsically from the deed, as in fixing on the earth a boundary or monument; and, especially, that the parties at the time went on to the ground and fixed the actual boundary; this is but applying the language as the parties applied it. 1 Greenl. Ev. 317; 2 Greenl. Cruise, Title Deed, 395; *King* v. *Landers*, 8 T. R. 379.

5. Misdescription of boundary or monument, may be considered like the misdescription of a note in a mortgage, as by a different date, amount, or time, or payee. 12 Pick. 557; 29 Maine, 302, and 33 Maine, 446.

*N. Abbott*, for plaintiff.

HATHAWAY, J.—The rights of the parties, in this suit, depended upon the question, whether or not " the island in Little river stream, in Belfast," from which the bark replevied was taken, was conveyed to the plaintiff, by Jonathan White and others, by their deed of December 15, 1828.

The land conveyed by that deed, was described therein as "all that part of lot 87, 3d division of lots, lying westwardly of the centre of the old channel of Little river stream."

The controversy was, whether the channel on the east or the west side of the island, was the channel designated in the deed, as the boundary of the land conveyed.

The defendant introduced evidence of the conversation and conduct of the parties to the deed, at or about, and subsequent to, the time of its execution, tending to show that they agreed upon the western channel, as the "old channel" mentioned in the deed as the boundary; that they understood that to be the old channel, and so called it, and that they intended and fixed upon it as the boundary, and that the grantors and the plaintiff, the grantee named therein, so construed the deed *then*, and for many years after that time.

By the instructions of the presiding Judge, to which exceptions were taken, the jury were limited in their application of the evidence, to the single subject of the antiquity of the channel, and all parol evidence to show what the parties meant by the term "old channel," as used in the deed, was excluded from their consideration.

The rule of law is unquestioned, that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, but the rule is directed only against the admission of any other evidence of the language employed by the parties in making the contract.

The writing may be read by the light of surrounding circumstances, in order more perfectly to understand the intent and meaning of the parties.

The question being, what did the parties mean and understand by the written language used, and to be interpreted? — parol evidence of extraneous facts and circumstances is often indispensable, to aid in obtaining a true answer to the inquiry. 1 Greenl. Ev., 8th ed., § § 277, 282, 295, 295 a.

By reason of the unstable character of the channels of streams or rivers which flow through alluvial lands, it would be often impossible to affix any definite meaning to the term

"old," in a deed, when applied to the channel of such a stream, as a boundary of land, without the aid of such parol evidence of the language or acts of the parties, at the time of, or subsequent to the conveyance.

The phrase "old channel" might have been, and probably was, merely conventional, between the parties to the deed. It was uncertain and indefinite, and therefore subject to explanation. Both channels may have been old. They might, in the lapse of time, have been alternately denominated new and old, according to the number of successive years, during which the action of frequent freshets had permitted either of them to constitute the principal channel.

There is nothing in the meaning of the word "*old*," as used in the deed, so positive as to exclude parol evidence, by which to show what the parties thereto intended by it.

The plaintiff is the original grantee of Jonathan White and others; he must have known, whether or not the island was intended to be included in his deed, and consequently where the true boundary was; hence, evidence of his language and acts, at the time of the conveyance and subsequently, tending to show that he recognized the western channel as the boundary, and so construed his deed, was legally admissible and proper for the consideration of the jury, concerning the questions of the true boundary of the land. *Stone* v. *Clark*, 1 Met. 378.

"Whether parcel or not of the thing demised, is always matter of evidence." Per BULLER, J., in *Doe* v. *Bent*, 1 T. R., 701. The identical monument referred to in the deed, is always a subject of parol proof. *Proprietors of Claremont* v. *Carleton*, 2 N. H., 373; *Linscott* v. *Fernald*, 5 Greenl. 496. *Wing* v. *Burgess*, 13 Maine, 114.

In *Waterman* v. *Johnson*, 13 Pick. 261, (a case similar to this,) it was held competent to prove, by parol evidence, that a certain line was *agreed* on and *understood* at the time of the conveyance, as the boundary of the "pond" which was named in the deed, as one of the boundaries of the land conveyed.

The doctrine which would authorize the admission of parol

evidence, in this case, to prove the establishment of the western channel as the boundary, is not distinguishable, in principle, from that of the uniform decisions of this Court, in which parol evidence has been always received to identify monuments, set up or marked as boundaries of land conveyed.

The error in the instructions was in assuming, that the term "*old channel*," as a boundary, had a known, definite and certain meaning, like "the *town* line," or "the *sea-shore*," which terms would need no explanation as boundaries.

It was as competent to prove, by parol, that the western channel was established as the boundary, as it was to prove, by the same kind of evidence, what was the old channel.

*Exceptions sustained.*

TENNEY, C. J., and RICE, MAY and GOODENOW, J. J., concurred.

APPLETON, J., non-concurred, and gave the following opinion :

APPLETON, J.— The land conveyed by the deed of Jonathan White and others, to the plaintiff, dated Sept. 15, 1828, is described therein as "all that part of lot 87, 3d division of lots, lying westerly of the · *centre of the old channel* of Little river stream.

The language of the deed is clear and unambiguous. It cannot be construed to mean the bank of the channel. Neither can it mean the *new* channel, if one there be. If there be but *one* channel to which it can apply, that channel must control and determine the rights of the parties.

But there may be *two* channels, to both of which the epithet *old* may justly and by common usage be applicable. This would constitute a case of *latent* ambiguity, and parol evidence would be properly received to determine which of two *old* channels was the one intended by the parties. "Suppose," says SHAW, C. J., in *Waterman* v. *Johnson*, 13 Pick. 261, "the deed describes a line as running to a pine tree marked; and in applying the deed to the land, there are found two pine trees marked, either of which answers the general description, and no course, distance or other particular in the

deed to determine which is intended, parol evidence would be admissible to show which was intended." Now whether the boundary be a channel, a fence, or a tree, is immaterial. If there be two boundaries of the same description to which the language of the deed is applicable, the jury must determine from the whole evidence, to which the parties referred.

According to the case of *Clough* v. *Bowman*, 15 N. H., 504, "if it was still a matter of doubt what log fence was intended, the settled principle is, that when other means of ascertaining the true construction of a deed fail, and a doubt still remains, that construction must prevail which is most favorable to the grantee."

The jury were instructed to ascertain whether there were two old channels, and if so, to which the parties in their conveyance referred. They were further instructed, that the plaintiff would hold to the old channel wherever they should find that to be. These instructions were in strict accordance with the law of the case. If the scrivener erred in using the phrase "the old channel," when the parties intended the *new* channel, it is not for this Court, setting as a court of law, to correct it. If the jury have mistaken the facts, and rendered a verdict at variance with the truth, their mistake cannot be remedied, as this case is presented for our consideration.