## Dick v. Marble.

1.　WRITTEN INSTRUMENTS — *Construing an Ambiguous* Writing.— Where a writing is ambiguous, extrinsic circumstances may be of value in elucidating the true meaning. The court and jury in interpreting what a writer meant, should put themselves as far as possible in the position he was when he wrote.

2.　CONTRACTS—*When not to be Varied by Parol.*—The clear meaning of an instrument as to which no latent ambiguity appears, can not be varied by parol.

3.　LETTERS—*Admissions.*—A letter concerning a transaction can not be treated as a contract; it is in the nature of an admission; the circumstances under which it was made may be shown; the weight to be given to the statements therein contained may be thus affected. The jury are not to decide what the writer meant, but under the circumstances of the writing, what weight, as an admission, is to be given to the letter.

4.　INSTRUCTIONS—*Province of the Jury.*—It is error to instruct the jury that they are to decide what the plaintiff intended by a statement in a letter written by him, whether it was a statement as to what his claim against the defendant was, or what he was willing to accept in view of the statements in said letter.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1893. Reversed and remanded. Opinion filed January 29, 1894.

The opinion states the case.

JOHNSON & MORRILL, attorneys for appellant.

DEFREES, BRACE & RITTER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by the appellee to recover an amount alleged to be due him in consideration of the transfer of certain stock in certain corporations. There was a verdict and judgment for appellee for the sum of $5,000.

As the case must be tried again, we refrain from commenting on the evidence.

The seventh instruction given for the plaintiff, telling the jury that as to a letter written by appellee—"The jury are to decide just what the plaintiff intended by the statement in said letter, whether a statement as to what his claim against the defendant was, or a statement as to what he was willing to accept in view of the statement in said letter and all the other evidence in the case, and what seemed natural and probable under the facts as they appear in evidence. The jury are the sole judges as to what is the truth of the matter, as shown by the evidence,"—ought not to have been given.

Where a writing is ambiguous, extrinsic circumstances may be of value in elucidating the true meaning. The court and jury in interpreting what a writer meant, should put themselves as far as possible in the position he was when he wrote. Emery v. Webster, 42 Me. 204; Knight v. Worsted, 2 Cush. 271; Martin v. Berens, 5 Penn. St. 305; Taylor on Ev., Sec. 1082; Shore v. Wilson, 2 Cl. & F. 556; Gray v. Sharpe, 1 Myl. & K. 602; Simpson v. Magitson, 11 Q. B. 32; 12 Jur. 155, 7 L. J. Q. B. 81.

The clear meaning of an instrument as to which no latent ambiguity appears, can not be varied by parol. The letter of appellee is not a contract, it is in the nature of an admission; the circumstances under which it was made might be shown; the weight to be given to the statements therein contained might be thus affected; the jury are not to decide what the writer meant, but under the circumstances of the writing, what weight, as an admission, is to be given to the letter.

In view of the letter written by appellee, dated February 24, 1891, stating that the amount owing him by appellant is

Doane v. Chicago City Ry. Co.

$2,800, and the instruction thereon given, the judgment of the Circuit Court will be reversed and the cause remanded, unless appellee shall remit within five days, from his judgment, the sum of $2,200; it will, in such case, be affirmed for $2,800.

The costs of this appeal will be taxed against appellee. Reversed and remanded.